J-S43024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DWAYNE A. GOUDY | |
| Appellant | No. 1676 MDA 2015 |

Appeal from the PCRA Order September 4, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000622-2009
CP-36-CR-0000625-2009
CP-36-CR-0000626-2009
CP-36-CR-0000627-2009

BEFORE: GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J. **FILED SEPTEMBER 15, 2016**

Appellant, Dwayne A. Goudy, appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA")[1] as untimely. We affirm.

A jury convicted Goudy of numerous sexual offenses stemming from his sexual abuse of his stepdaughter. Thereafter, the trial court imposed an aggregate sentence of 22 to 44 years' imprisonment. Relevant to this appeal, Goudy's sentence was based, in part, upon application of the mandatory minimum sentencing provision 42 Pa.C.S.A. § 9718(a)(1), due to

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

the age of his stepdaughter. Goudy's post-sentence motion was denied. This Court affirmed the judgment of sentence on May 10, 2011. Our Supreme Court denied allocator on November 10, 2011. Goudy did not seek a writ of *certiorari* from the United States Supreme Court.

On June 8, 2012, Goudy timely filed his first *pro se* PCRA petition. The PCRA court subsequently dismissed that petition, after providing Rule 907 notice. This Court affirmed the dismissal of the petition. On August 11, 2015, Goudy filed the instant *pro se* PCRA petition, his second, alleging, *inter alia*, that his sentence is illegal based on the United States Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151 (2013).[2] Goudy later filed an amended PCRA petition. On September 4, 2015, the PCRA court dismissed Goudy's petition as untimely, after providing Rule 907 notice. This timely appeal followed.

On appeal, Goudy claims that the PCRA court erred in dismissing his petition as untimely where the sentence he is serving is illegal. **See** Appellant's Brief, at 7-8. We disagree.

_____

[2] In **Alleyne**, the United States Supreme Court held that any fact, other than a prior conviction, that triggers application of a mandatory minimum sentence must be proven beyond a reasonable doubt before the factfinder. **See** 133 S.Ct., at 2155. In **Commonwealth v. Wolfe**, 106 A.3d 800, 806 (Pa. Super. 2014), a case on direct appeal, a panel of this Court held section 9718 of the Sentencing Code unconstitutional in light of **Alleyne** and this Court's decisions in **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) and **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014). However, **Wolfe** has not been held to apply retroactively to cases on collateral review.

> Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Barndt*, 74 A.3d 185, 191-192 (Pa. Super. 2013) (citation and internal quotation marks omitted).

Before we may assess the merits of Goudy's claims, we must first consider the timeliness of his PCRA petition, as it implicates the jurisdiction of this Court and the PCRA court. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (citations and footnote omitted).

Here, Goudy's judgment of sentence became final on February 8, 2012, when the filing period for a *certiorari* petition expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup.Ct. R. 13(1) ("a petition for a writ of

*certiorari* to review a judgment in any case … is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment[]"). Thus, his second PCRA petition, filed over four years later on August 11, 2015, is patently untimely. Unless Goudy pleaded and proved one of the statutory exceptions to the time-bar, the PCRA court lacked jurisdiction to review his petition. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides three limited exceptions that allow for review of an untimely PCRA petition, which are as follows.

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id*. A petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(2).

In the present case, Goudy invokes the "newly discovered fact" exception under section 9545(b)(1)(ii) and argues that he is entitled to relief based upon the United States Supreme Court's decision in **Alleyne**. **See** Appellant's Brief, at 9-13. He further asserts that his petition was timely filed

because "he filed [it] within sixty (60) days of learning of the United States Supreme Court decision in *Alleyne*." *Id*., at 9. We disagree.

Goudy's claim that he complied with the 60-day window under section 9545(b)(2) is incorrect. *Alleyne* was decided on June 17, 2013. Goudy filed the instant PCRA petition on August 11, 2015, more than two years later. The date when Goudy learned of the *Alleyne* decision is inconsequential. *See Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa. Super. 2012) (holding that appellant's claim, alleging that a recently filed judicial decision was a newly-discovered fact, failed because it did not comply with section 9545(b)(2), as "the sixty-day period begins to run upon the date of the underlying judicial decision [,]" not the date appellant became aware of the decision). Ignorance of the law does not excuse Goudy's failure to file his petition within 60 days of the *Alleyne* decision. *See id*. "Neither the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law." *Id*. (citation omitted). Because Goudy failed to file his petition within 60 days of *Alleyne*, his claim must fail. *See id*.; 42 Pa.C.S.A. § 9545(b)(2).

We note that even if Goudy had timely raised his claimed exception, his argument would still fail because "[o]ur Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013) (citation omitted). We also observe that we have specifically held that *Alleyne* does

- 5 -

not fall within the newly-recognized constitutional right exception to section 9545(b)(1), since it has not been held to be retroactive by either our Supreme Court or the United States Supreme Court. *See Miller*, 102 A.3d at 995.

Due to the foregoing reasons, we conclude that Goudy has not met his burden of proving that his patently untimely petition falls within one of the three limited exceptions to the PCRA's jurisdictional time-bar.[3] Accordingly, we affirm the PCRA court's order dismissing his petition for relief.

Order affirmed.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2016

_____

[3] Since we do not have jurisdiction over Goudy's claims, we need not address his argument regarding merger.